Argued and submitted April 22, rule upheld June 15,
reconsideration denied July 23,
petition for review allowed October 6, 1981 (291 Or 708)

# 1000 FRIENDS OF OREGON,
*Petitioner,*
*v.*
# LAND CONSERVATION AND DEVELOPMENT COMMISSION,
*Respondent.*
## (No. CA 19269)
629 P2d 831

Robert E. Stacey, Jr., Portland, argued the cause and filed the brief for petitioner.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this proceeding under ORS 183.400, petitioner challenges a rule of the Land Conservation and Development Commission (LCDC) which amends Statewide Planning Goal 14 (relating to urbanization). OAR 660-15-000. We hold that the amendment is valid.

The amendment adds the following language to Goal 14:

"Before the establishment of an urban growth boundary, all lands within city limits shall be urban or urbanizable. When the amount of land within a city's incorporated limits is determined to be adequate to satisfy the needs set forth in factors (1) and (2) above, the city limits may be designated as the urban growth boundary without consideration of factors (3) through (7) above."[1]

The basic effect of the amendment is to permit a city to establish its corporate limits as the urban growth boundary (UGB), without considering *all* of the factors which Goal 14 normally makes applicable to UGB designation decisions.[2]

---

[1] The "factors" referred to in the amendment are those which Goal 14 requires governmental bodies to consider in designating urban growth boundaries. The factors are:

"(1) Demonstrated need to accommodate long-range urban population growth requirements consistent with LCDC goals;

"(2) Need for housing, employment opportunities and livability;

"(3) Orderly and economic provision for public facilities;

"(4) Maximum efficiency of land uses within and on the fringe of the existing urban area;

"(5) Environmental, energy, economic and social consequences;

"(6) Retention of agricultural land as defined, with class 1 being the highest priority for retention and class 6 the lowest priority; and

"(7) Compatibility of the proposed urban uses with nearby agricultural activities."

[2] The amendment is similar in substance to OAR 660-01-305, which we held to be inconsistent with Goals 3 and 14 in *Willamette University v. LCDC,* 45 Or App 355, 608 P2d 1178 (1980). We stated in that case:

"LCDC, rather than this court, is the primary policymaker in this field. *Norvell v. Portland Area LGBC,* 43 Or App 849, 604 P2d 896 (1979). LCDC thus is entitled to amend the statewide planning goals to embody the policy choice stated in OAR 660-01-305. But as matters now stand, we find that OAR 660-01-305 is inconsistent with Goals 3 and 14.

Petitioner argues that the amendment exceeds LCDC's statutory authority, because the amendment is in conflict with (1) LCDC's responsibility under ORS 197.251[3] to review and acknowledge city comprehensive plans and the UGB included in those plans for compliance with the statewide planning goals and (2) the private appeal rights established by Oregon Laws 1979, ch 772, §§ 4 to 6a. Specifically, petitioner contends that the amendment enables cities to annex rural land and to include it in their UGBs without considering certain requirements of Goal 14 and Goal 3 (relating to preservation of agricultural land). Consequently, in the compliance review and acknowledgment procedure of ORS 197.251 LCDC would be foreclosed from considering whether annexed land included in an UGB pursuant to the amendment should properly have been designated as "urban" or "urbanizable" under *other provisions* of Goal 14 and under Goal 3. For essentially the same reasons, according to petitioner, the amendment would make city decisions to convert annexed agricultural land or to develop annexed land for urban uses impervious to appeals by affected persons who claim that the decisions violate Goal 3 or Goal 14.[4]

"Ordinarily, a conflict in an agency's regulations would raise the possibility that the latter is an implied repeal or amendment of the former. That possibility does not arise in this context. The legislature has delegated separate responsibilities to LCDC: first, and more specifically, to adopt the statewide planning goals, ORS 197.040(2)(a), 197.225; second and more generally, to 'promulgate rules,' ORS 197.040(1)(b). In this statutory scheme, the goals occupy a preferred position. There are, for example, special procedures required, over and above the general rulemaking procedures of the Administrative Procedures Act, for LCDC's adoption or revision of the statewide planning goals. ORS 197.235 to 197.245. From this scheme, we conclude the legislature did not intend that the statewide planning goals could be indirectly repealed or amended by any exercise by LCDC of its general rulemaking power." (Footnote omitted.) 45 Or App at 373-74.

[3] ORS 197.251 provides, in part:

"Upon request by a city or county the commission may grant:

"(1) A compliance acknowledgment which shall be an official order of the commission formally recognizing that the comprehensive plans or zoning, subdivision or other ordinances or regulations adopted by the city or county are in compliance with the state-wide planning goals. The commission shall evaluate the plan and ordinances and either grant or deny the request * * *.

"* * * * *"

[4] The amendment would appear to have the same limiting effect on grounds for appeal from decisions to convert agricultural land or authorize urban uses of

In essence, petitioner's contentions are to the effect that the amendment violates the compliance acknowledgment statute and the appeal provisions of Oregon Laws 1979, ch 772, because the amendment changes the substantive requirements of the goals which the agencies and courts are required to apply in the statutory acknowledgment and appeal processes.

Petitioner does not appear to question that LCDC has authority to adopt and revise the statewide planning goals, ORS 197.040(2)(a), 197.225, 197.230; *see also*, n 2, *supra,* nor the procedure followed in adopting the amendment. Petitioner interprets the challenged amendment to Goal 14 as effectively nullifying or being inconsistent with Goal 3 and with existing provisions of Goal 14. Whether or not petitioner's interpretation is correct,[5] it seems clear to us that LCDC could, if it chose, adopt a goal amendment which *expressly* superceded Goal 3 and any inconsistent provision of Goal 14. We find nothing in ORS 197.251 or Oregon Laws 1979, ch 772 which is inconsistent with LCDC's authority to adopt the challenged amendment. Although the amendment changes the law to be *applied* by

---

land within *existing* city limits. However, we understand petitioner's principal concern to be that annexation can be used as a device to circumvent the requirements of the goals and to make decisions to urbanize annexed land review-proof. LCDC's pre-acknowledgment annexation rule (OAR 660-01-315) would appear to make it quite difficult for cities to use the annexation process in the way petitioner fears. OAR 660-01-315(2) provides:

"For the annexation of lands not subject to an acknowledged plan, the requirements of Goal 3 (Agricultural Lands) and Goal 14 (Urbanization) OAR 660-15-000, shall be considered satisfied only if the city or local government boundary commission, after notice to the county and an opportunity for it to comment, finds that adequate public facilities and services can be reasonably made available; and:

"(a) The lands are physically developed for urban uses or are within an area physically developed for urban uses; or

"(b) The lands are clearly and demonstrably needed for an urban use prior to acknowledgment of the appropriate plan and circumstances exist which make it clear that the lands in question will be within an urban growth boundary when the boundary is adopted in accordance with the goals."

We also note that annexation decisions are subject to administrative and judicial review, including review for goal compliance, pursuant to Oregon Laws 1979, ch 772.

[5] There is no issue in this proceeding which requires us to determine how the challenged amendment to Goal 14 interrelates with other provisions of the statewide planning goals or is to be construed.

agencies and courts under those statutes, that change does not interfere with their ability to perform their responsibilities according to those statutes.

Rule upheld.