On petition for attorney fees filed April 19, petition denied August 3, 1982

## 1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION,
*Respondent.*

(CA 19269  SC 27956)

649 P2d 592

See also 292 Or 735, 642 P2d 1158.

Robert E. Stacey, Jr., Portland, for the petition.

David B. Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Mary J. Deits, Assistant Attorney General, Salem, contra.

TANZER, J.

Peterson, J., filed a concurring opinion in which Roberts J., joins.

## TANZER, J.

Having prevailed on review, *see* 292 Or 735, 642 P2d 1158 (1982), petitioner moves for attorney fees pursuant to ORS 183.497.[1] That statute, enacted by the 1981 session of the legislature, became effective November 1, 1981, after the filing of the petition for review in this court and before oral argument. Thus, the issue is whether petitioner is entitled to attorney fees under ORS 183.497 and, if so, for work performed during what time period.

ORS 183.497 differs in several respects from the preexisting ORS 183.495. It authorizes attorney fees in more classes of cases, including review of rules as in this case. Also, it goes beyond merely allowing the court discretion to award fees *(see* our discussion of ORS 183.495 in *Brown v. Adult and Family Services,* 293 Or 6, 643 P2d 1266, 293 Or 395, 649 P2d 595 (1982), and *Cook v. Employment Division,* 293 Or 1, 643 P2d 1271, 293 Or 398, 649 P2d 594 (1982)). Instead, by use of the word "shall," subsection (1) requires that courts award attorney fees if the court determines that "the agency acted without a reasonable basis in fact or in law." If that occurs, then subsection (3) gives the court discretion to "withhold" attorney fees if the agency proves certain mitigating facts. The statute states:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

---

[1] ORS 183.495 authorizes the discretionary allowance of attorney fees only "upon judicial review of a final order of an agency." Because this case does not arise from an order, ORS 183.495 does not apply.

(c)   A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3)   Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

We find that the prerequisites of entitlement under subsection (1) are established. As to the first, our decision was in favor of petitioner. As to the second, the statute does not authorize attorney fees simply because an agency makes a mistake of fact or law. Were that so, then attorney fees would be authorized in every case which an agency loses. That is clearly not the intended effect of the statute. The use of the word "reasonable" reflects a legislative recognition that agencies, like others, can make reasonable mistakes of law. For example, an agency may interpret an ambiguous statute one way and a reviewing court do so otherwise. The thrust of our opinion on the merits was that LCDC's direction that land be deemed urbanizable solely by virtue of being situated within a city boundary was contrary to the letter and policy of Oregon's land use statutes. LCDC's purpose was to reduce planning requirements, a practical rather than legal rationale. There is no reasonable way to read the statutes to authorize that action, particularly in light of their legislative history. Hence, we determine that LCDC did not simply err; it acted without a reasonable basis in law. (There is no purported factual basis for the act.) The two prerequisites of subsection (1) are established and attorney fees are authorized.

LCDC appeals to our discretion under subsection (3) to withhold any or part of attorney fees by arguing that the Court of Appeals had virtually invited the erroneous goal amendment. As we observed in our opinion on the merits, LCDC had earlier adopted the same policy as the basis of an order. On review, the Court of Appeals reversed the order because the policy was inconsistent with Goals 3 and 14. In doing so, the court stated:

> "LCDC, rather than this court, is the primary policy-maker in this field. LCDC thus is entitled to amend the statewide planning goals to embody the policy choice stated in OAR 660-01-305. But as matters now stand, we find that OAR 660-01-305 is inconsistent with Goals 3 and 14." (Citation omitted.) 45 Or App at 373-374.

The holding was only that the policy contradicted the goals. If the court meant to suggest that a goal amendment embodying the same policy would be upheld, it was dictum and, like many dicta, it turned out to be wrong. We doubt that the court intended to prospectively uphold the substance of such an amendment. We read it to mean only that if such a policy is to be adopted, it must be by goal amendment. Nevertheless, LCDC's reading of the Court of Appeals' suggestive language was understandable and that leads us to find that "special circumstances exist which make the award of * * * attorney fees unjust." Based upon that finding, we decline to award attorney fees from the funds of the agency.

Petitioner contends that it deserves attorney fees for having expended watchdog efforts in the public interest. It argues:

> "In any event, however, LCDC has been guilty of mal-administration of its statutory responsibilities in this case. This represents the second time the agency has been reversed in its efforts to exempt land within cities from the procedures and standards of key statewide planning goals. *See Willamette University v. LCDC,* 45 Or App 355, 608 P2d 1178 (1980). Only the persistent efforts of private citizens concerned about the protection of the state's resource lands have prevented LCDC from accomplishing a result inconsistent with its statutory mandate."

On the other hand, LCDC contends that there is no need to deter the agency from illegal action. Such contentions might be relevant if the words of the statute were insufficiently clear to guide us and we were required to go to the policy of the statute to formulate discretionary principles by which to administer subsection (3). Here, however, the statute is sufficiently clear to guide our discretion without resort to consideration of broader policy.

Our disposition of the petition for attorney fees makes it unnecessary to consider the temporal effect of ORS 183.497 or LCDC's technical objections to the petition.

Petition denied.

**PETERSON. J.,** concurring.

The petitioner is not entitled to attorney fees because it cannot be said that LCDC "acted without a reasonable basis in fact or in law." ORS 183.497(1).

In *Willamette University v. LCDC*, 45 Or App 355, 608 P2d 1178 (1980), the Court of Appeals stated:

> "LCDC, rather than this court, is the primary policymaker in this field. *Norvell v. Portland Area LGBC*, 43 Or App 849, 604 P2d 896 (1979). LCDC thus is entitled to amend the statewide planning goals to embody the policy choice stated in OAR 660-01-305 * * *." 45 Or App at 373.

LCDC responded to that suggestion by enacting a rule amending State Wide Planning Goal 14. The Court of Appeals held that the amendment to Goal 14 was valid. *1000 Friends of Oregon v. LCDC*, 52 Or App 703, 629 P2d 831 (1981). We reversed. *1000 Friends of Oregon v. LCDC*, 292 Or 735, 642 P2d 1158 (1982).

The ORS 183.497 standard, "reasonable basis in fact or in law," is a standard which, until now, has not been construed or applied by this court. The majority does not interpret the statute and create a more definite, objective standard. The majority states that there was no "reasonable basis in fact or in law" for the LCDC order because "[t]here is no reasonable way to read the statutes to authorize that action * * *." I am of the opinion that it cannot be said that an agency was acting "without a reasonable basis in fact or in law" when (1) it responded to a suggestion of an appellate court that such an amendment may be proper, and (2) when the amendment in question was subsequently upheld by an appellate court.

Roberts, J., joins in this opinion.