On motions to resolve jurisdiction for judicial review filed May 4, on motions of Teledyne Wah Chang Albany to intervene filed May 14, on motion to waive double payment of filing fee filed May 19, motions to intervene allowed; motion to waive double payment of filing fee allowed, and one filing fee waived; motions to determine jurisdiction allowed, and jurisdiction determined to be in Supreme Court
June 30, 1987

## FORELAWS ON BOARD et al,
*Petitioners on Review,*

*v.*

## ENERGY FACILITY SITING COUNCIL,
*Respondent on Review.*

(CA A44051; SC S33953)

## MARBET,
*Petitioner on Review,*

*v.*

## ENERGY FACILITY SITING COUNCIL,
*Respondent on Review.*

(CA A44052; SC S33954)
(Cases Consolidated for Opinion)

738 P2d 973

Daniel Meek, Portland, for Petitioners Forelaws on Board and John Arum, and Lloyd K. Marbet, Petitioner, *pro se,* filed joint motions for determination of jurisdiction and for waiver of double payment of filing fee.

James H. Clarke, Portland, filed motions on behalf of Teledyne Industries, Inc., dba Teledyne Wah Chang Albany, to intervene in the above proceedings.

Jerome Lidz, Assistant Attorney General, Salem, filed a response for the Energy Facilities Siting Council. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Petitioners ask us to resolve whether a determination of the Energy Facility Siting Council (Council) that it lacks jurisdiction over the subject of an application is reviewable by the Court of Appeals or by this court. In order to protect their rights to judicial review, petitioners filed petitions for review in both courts followed by motions to resolve jurisdiction before briefing the merits. They also filed motions to be relieved from having to pay filing fees in both courts. Teledyne Wah Chang Albany (TWCA), the applicant for a site certificate at issue in the council's proceeding, moved to intervene in these judicial review proceedings. All the foregoing motions are allowed.

■ Because petitions for review of the Council's order were filed in this court, we have jurisdiction at least to decide whether we have jurisdiction. We hold that if the order at issue otherwise is a reviewable order, it is reviewable in this court.

The Council made the order after proceedings on remand by this court in *Teledyne Wah Chang v. Energy Fac. Siting Council,* 298 Or 240, 692 P2d 86 (1984). The dispute concerns whether the level of radioactivity from certain radioactive wastes at two sites is such that TWCA needs a permit from the Council. After a contested case proceeding, the Council found that radioactivity at the sites did not reach the level requiring a permit. It then translated that finding into a conclusion that disposal of the wastes at TWCA's sites is not "within the jurisdiction of the Council," and it ordered that no further proceedings be held regarding the sites.

The question which court has jurisdiction to review this order arises from a special provision of the Council's governing statutes. Ordinarily, judicial review of orders in contested cases begins in the Court of Appeals. ORS 183.482. The special provision with respect to the Energy Facility Siting Council is ORS 469.400(1), which provides that "[j]urisdiction for judicial review of the council's approval or rejection of an application for a site certificate is conferred upon the Supreme Court. * * *"

■ Petitioners and the intervenor, TWCA, cite ORS 469.400(1) to invoke direct review in this court. The Council

responds that the order in this case is neither an "approval" nor a "rejection" of an application for a site certificate, because the Council concluded that the waste materials for which the application was made were not so radioactive as to be within the Council's jurisdiction; therefore, judicial review remains in the Court of Appeals under ORS 183.482. To this, petitioner and intervenor answer that ORS 469.400(1) was enacted to speed the process of review and that an order denying agency authority to require a permit in effect is a rejection of an application for a permit.

We agree with petitioners and intervenor. The dispute once again illustrates the pitfalls of the term "jurisdiction," particularly when a conclusion about jurisdiction rests on a conclusion about facts disputed on the merits. When a party applies to an agency for a permit to make, keep, store, or operate X, the agency might say that it rejects the application because the object is not an X and therefore no permit from the agency is needed. It is no less a "rejection of an application," in the words of ORS 469.400(1), if the agency also explains that only permits for X are within its jurisdiction. The agency's refusal may be wrong, and if it is, it will not escape judicial review on grounds that the agency "lacked jurisdiction."

We do not know whether the Council's conclusion was right or wrong here. We hold only that under ORS 469.400(1) the petitions for review are properly before this court.

The motions of Teledyne Wah Chang Albany to intervene are allowed. The motion to waive double payment of filing fees is allowed, and one filing fee is waived. The motions to resolve jurisdiction for judicial review are allowed, and jurisdiction is determined to be in the Supreme Court.