Argued and submitted May 4, 1988, the Court of Appeals order denying petition for attorney fees vacated and the petition for attorney fees dismissed January 31, 1989

FORELAWS ON BOARD,
*Petitioner on Review,*

*v.*

ENERGY FACILITY SITING COUNCIL,
*Respondent on Review.*

(CA A38901; SC S34727)

767 P2d 899

Linda K. Williams, Portland, argued the cause and filed the petition for fees and costs on behalf of the petitioner on review.

Christine Chute, Assistant Attorney General, Salem, argued the cause and filed the response on behalf of the respondent on review. With her on the response were David Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

This case involves a petition for attorney fees filed in the Court of Appeals by Forelaws on Board ("Forelaws"), which previously had obtained a reversal of a declaratory ruling by the Energy Facility Siting Council (the Council). Forelaws relied on ORS 183.497(1), which provides:

"(1)   In a judicial proceeding designated under subsection (2) of this section the court:

"(a)   May, in its discretion, allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner;

"(b)   Shall allow a petitioner reasonable attorney fees and costs if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law; but the court may withhold all or part of the attorney fees from any allowance to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist that make the allowance of all or part of the attorney fees unjust."

The Court of Appeals denied the petition without explanation, and Forelaws petitions for review. We allowed review to determine whether the court's denial was consistent with this court's construction of the pertinent statute in *1000 Friends v. LCDC,* 293 Or 440, 649 P2d 592 (1982), or with that court's own leading decisions on the subject, *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983) and *Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416, *rev denied* 296 Or 120 (1983). We now conclude that jurisdictional considerations foreclose considering the petition for attorney fees on its merits. We dismiss the petition.

A brief description of the underlying proceeding before the Court of Appeals will help explain the problem. The Council, acting in conjunction with the state and federal Departments of Energy, proposed to undertake a project to clean up uranium mill tailings at Lakeview, Oregon. Forelaws sought a declaratory ruling that the project was subject to the site certification requirements of ORS 469.553, which provides:

"(1)   Any person desiring to construct or operate an active uranium mill or uranium mill tailings disposal facility

after June 25, 1979, shall file with the Energy Facility Siting Council a site certificate application.

"(2) The Energy Facility Siting Council shall review an application for a site certificate under this section using the procedure prescribed in ORS 469.350, 469.360, 469.370, 469.375, 469.380, 469.390 and 469.400, for energy facilities. The council is authorized to assess fees in accordance with ORS 469.421 in connection with site certificates applied for or issued under this section."

The Council ruled that ORS 469.553 did not apply to facilities established by the state and federal governments pursuant to ORS 469.559 to dispose of uranium mill tailings from inactive or abandoned mills. ORS 469.559(1) provides:

"Notwithstanding the authority of the Health Division pursuant to ORS 453.605 to 453.745 to regulate radiation sources or the requirements of ORS 469.525, the Energy Facility Siting Council may enter into and carry out cooperative agreements with the Secretary of Energy pursuant to Title I and the Nuclear Regulatory Commission pursuant to Title II of the Uranium Mill Tailings Radiation Control Act of 1978, Public Law 95-604, and perform or cause to be performed any and all acts necessary to be performed by the state, including the acquisition by condemnation or otherwise, retention and disposition of land or interests therein, in order to implement that Act and rules, standards and guidelines adopted pursuant thereto. The Energy Facility Siting Council may adopt, amend or repeal rules in accordance with ORS 183.310 to 183.550 and may receive and disburse funds in connection with the implementation and administration of this section."

The Council determined that ORS 469.559 created an "implied exemption" from the site certification requirements of ORS 469.553, because:

"Reading ORS 469.559 and ORS 469.553 together, it is clear that the legislature did not intend to apply the site certificate process to the Lakeview remedial action. ORS 469.559 and ORS 469.553, set up two separate mechanisms for regulating uranium mill tailings disposal. Active milling operations and their associated tailings are subject to the site certificate process. Inactive or abandoned sites such as Lakeview may be handled directly by the government through the remedial action cleanup program outside the site certificate process. Congress has mandated that Lakeview shall be addressed through this process (42 USC § 7912(a)(1)).

"The process applicable to the Lakeview remedial action authorized in ORS 469.559 and UMTRCA [the Uranium Mill Tailings Radiation Control Act] is inconsistent with the siting process. ORS 469.559 requires [the Council] to act as a cooperative participant in the project. The site certificate process under ORS 469.553 would require [the Council] to act as a neutral and uninterested judge of the project. Application of the site certificate process to Lakeview would require [the Council] to be both an applicant for a site certificate and the judge of the application. ORS 469.559 requires the use of federal standards in the cleanup at Lakeview. ORS 469.553 would impose state standards."

As noted, Forelaws then sought judicial review of the Council's ruling, and the Court of Appeals reversed. *Forelaws on Board v. Energy Facility Siting Coun.*, 84 Or App 433, 734 P2d 370 (1987). The merits of that court's decision are not before us. Significantly, the very statute that Forelaws had invoked, ORS 469.553, contained a cross reference to, among other things, "the procedure prescribed in ORS * * * 469.400." That statute provides, in pertinent part:

"(1) *Jurisdiction for judicial review of the council's approval or rejection of an application for a site certificate is conferred upon the Supreme Court.* * * * Except as otherwise provided·in this subsection, *the review by the Supreme Court* shall be as provided in ORS 183.482." (Emphasis supplied.)

·The scope of ORS 469.400(1) encompasses the proceeding on the merits in the Court of Appeals. Although the case involved a denial by the Commission of its authority to initiate or entertain a site certificate process, "an order denying agency authority to require a permit in effect is a rejection of an application for a permit [under ORS 469.400(1)]." *Forelaws on Board v. Energy Fac. Siting Council,* 303 Or 541, 738 P2d 973 (1987). It follows that the Court of Appeals never had jurisdiction in this matter. It had no authority to entertain, much less grant, Forelaw's petition for attorney fees.[1]

The Court of Appeals order denying the petition for attorney fees is vacated. The petition for attorney fees is dismissed.

---

[1] We express no opinion as to the appropriate locus of judicial review for EFSC declaratory rulings under ORS 183.410 that do not involve site certificates.