Argued and submitted September 5, 1990, petition for judicial review dismissed
May 14, 1991

# FORELAWS ON BOARD,
*Petitioner,*

*v.*

# ENERGY FACILITY
# SITING COUNCIL,
*Respondent,*

*and*

# PRECISION CASTPARTS CORP.,
*Intervenor-Respondent.*

(S36497)

811 P2d 636

Daniel W. Meek, Portland, argued the cause and filed the briefs for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Richard H. Williams, of Lane Powell Spears Lubersky, Portland, argued the cause and filed the brief on behalf of intervenor-respondent. With him on the brief was Thomas W. Sondag, Portland.

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

PETERSON, C. J.

## PETERSON, C. J.

In this case the petitioner, Forelaws on Board (Forelaws), seeks judicial review of a decision of the Energy Facility Siting Council (EFSC).

Under Oregon's Administrative Procedure Act, ORS Chapter 183, the route of judicial review of agency decisions turns on the type of order upon which judicial review is sought, as follows:

- Orders in contested cases are reviewed in the Court of Appeals. ORS 183.482(1).

- Orders in other than contested cases are reviewed in the circuit court. ORS 183.484(1).

- Agency declaratory rulings are reviewed in the Court of Appeals. ORS 183.410.

- In some situations, a statute makes other specific provision. In this case, Forelaws asserts that this court has jurisdiction to review the EFSC order because the EFSC decision was one approving or rejecting an application for a site certificate. ORS 469.400(1).

Determining into which of the foregoing categories an order falls is at times difficult.[1] For reasons set forth in Parts 2 and 3, below, we conclude that the EFSC order here involved is an order in other than a contested case, that judicial review should have been sought in the circuit court, and we therefore dismiss the petition for judicial review.

### Part 1

We first consider the agency proceeding and its order. This is a case in which a concerned public interest group petitioned to compel the government to stop conduct that the petitioner believes is unlawful. The conduct that is claimed to be unlawful is the storage of industrial waste, waste that the petitioner claims is "radioactive waste," as defined in ORS 469.300(17)(a).

---

[1] *See Forman v. Clatsop County*, 297 Or 129, 133-37, 681 P2d 786 (1984) (concurring opinion). The legislature might consider enacting a statute that permits a party who is uncertain of the review route to obtain a prompt ruling from the Court of Appeals.

The essential facts (which are drawn from the Forelaws petition and from the EFSC order) are these: The wastes at issue were generated between 1970 and 1982 by Precision Castparts Corporation (PCC), a metals parts manufacturer that casts various metals, including titanium. Beginning in 1970, PCC used a naturally-occurring radioactive material in the molds used to cast titanium. PCC combined the radioactive waste from the molds with other nonradioactive manufacturing waste and then deposited the entire waste in Rossman's landfill in Clackamas County. This was authorized by a license from the Oregon Health Division. In January 1983, the Health Division amended PCC's license and required that PCC dispose of the radioactive waste in an out-of-state disposal facility.

Tests of the PCC waste were performed at various stages and times. The radioactive waste was tested before it was mixed with other waste. It also was tested after the radioactive waste was mixed with the nonradioactive waste. Other tests were made of the leachate[2] from the landfill, after the combined waste was deposited in the landfill.

In May 1986, Forelaws filed a document with EFSC entitled "Presentation to Council and Request for Council Action" (hereinafter referred to as "petition" or "the Forelaws' petition"). In that petition, Forelaws asserted that the PCC industrial waste contained radioactive material and that the industrial waste stored in Rossman's landfill was "likely subject to EFSC jurisdiction as a radioactive waste under OAR 345-50-035." Forelaws claimed that the leachate from the Rossman landfill is "legally radioactive under EFSC rules," and that "the permanent disposal of this waste at it[s] present location is unlawful because 1) no site certificate has been obtained and 2) it is unlikely that a site certificate could legally be granted."

At the end of its petition, Forelaws asked EFSC to do the following:

1. To "initiate enforcement proceedings."[3]

---

[2] As used herein, "leachate" refers to a liquid that has percolated through soil.

[3] The petition contained this request:

"EFSC should initiate enforcement proceedings in the matter of the

2.  To "initiate rule-making hearings."

3.  To "order an independent study relating to this matter."

4.  To "order full public disclosure of past dumping practices by PCC."

5.  To place "the above four action items * * * on the agenda for [the] next Council meeting [and w]e ask that the Council take action in this matter in accordance with Section 345-50 of the Oregon Administrative Rules and with its statutory mandate to protect public health and the environment."

EFSC held hearings on October 6, 1987, and February 10, 1989, and thereafter issued an order containing a number of findings. Finding number 17 reads:

> "The waste does not pose a risk to public health and safety in its current location. (FOB Exhibit D). Samples have been taken of the leachate from the landfill and of surface water [near] the landfill on a regular basis since 1982 (T6 35-36), which show no contamination due to the materials disposed of by PCC. (T6, 37). It is unlikely that there will be leaching of radioactive material in the future (T7). The concentration of the NORM [naturally occurring radioactive materials] in the landfill is very low. (T7)."

EFSC also reached 10 conclusions of law, one of which was that "[t]he pathway levels for air emissions and gamma radiation were not exceeded. [Forelaws] has failed to demonstrate that the pathway limit for releases to water exceeded the 30 Pci/1 level."[4] EFSC then entered this order:

> "1.  EFSC will not commence a formal contested case hearing in this matter.

disposal of waste containing naturally occurring radioactive isotopes at Rossman's landfill by PCC. The purpose of these hearings would be threefold. First, to determine whether the waste is legally radioactive under EFSC rules and a [sic] whether a site certificate is required. Second, if a site certificate is required, to determine what remedial action is necessary to ensure that state radioactive waste disposal standards are met. Third, to determine whether the imposition of fines or other punitive measures is warranted."

[4] This conclusion of law refers to the so-called "pathway exemption," OAR 345-50-035. *See Teledyne Wah Chang v. Energy Fac. Siting Council,* 298 Or 240, 247-54, 692 P2d 86 (1984), for a discussion of the pathway exemption.

"2. No independent study of this matter will be initiated.

"3. The identity of the radioactive material involved will not be disclosed.

"4. No additional rulemaking procedures will be instituted to incorporate changes to ORS 469.375 into the administrative rules."

The record does not tell us who owns and operates Rossman's landfill. Neither PCC nor the owner of Rossman's landfill was a party before EFSC. PCC intervened in the Supreme Court after Forelaws filed its petition for judicial review.

## Part 2

■ EFSC's core function appears to be the locating, licensing and delicensing of certain energy facilities.[5] ORS 469.470. No energy facility can be constructed unless a site certificate has been issued for the site.[6]

Procedures for approving, rejecting and issuing site certificate applications are set forth in ORS 469.320 to ORS 469.400. Normally, the parties in such cases are EFSC, the applicant and other intervening persons permitted to become a party "in support of or in opposition to the application." ORS 469.380(2).[7]

EFSC has no express power to order someone to apply for a site certificate, or to assess penalties against someone operating an energy facility without a site certificate.[8] EFSC has express power to revoke or suspend site

---

[5] ORS 469.300(10) defines "energy facility." Energy facilities include some electric power generating plants, "nuclear installation[s]" (which include waste disposal facilities for certain radioactive waste, ORS 469.300(14)), some high voltage transmission lines, some solar collecting facilities, some pipelines, and synthetic fuel plants.

[6] "Site certificate" means a binding agreement between the State of Oregon and the applicant containing "all conditions imposed by the state on the applicant." ORS 469.300(20).

[7] Although the statutes do not provide specifically that site application hearings are to be conducted as contested cases, OAR 345-15-002 provides that "[t]he provisions of the [Attorney General's] Model Rules relating to contested cases shall apply to site certificate application proceedings." *See also* ORS 469.440 (site certificate revocation or suspension hearings are to be conducted as contested cases).

[8] ORS 469.320(1) requires energy facilities to be operated "in conformity with the requirements of ORS 469.300 to 469.570, 469.590 to 469.621, 469.930 and

certificates, ORS 469.440. It may also seek injunctive relief in the circuit court under ORS 469.570.

In this case no application for a site certificate has been filed by PCC or the owner of Rossman's landfill. *See* ORS 469.320 through 469.350. Neither PCC nor the owner of Rossman's landfill was a party before EFSC. We have found no statute or rule that expressly authorizes other interested persons to file an application or that compels EFSC to conduct hearings akin to site certificate application hearings at the request of concerned persons. The EFSC decision neither approved nor rejected an application for a site certificate. Therefore, judicial review of the EFSC decision is not in the Supreme Court under ORS 469.400.

Forelaws asserts that two previous decisions of this court support its claim that the court has jurisdiction to consider the EFSC order. In *Forelaws on Board v. Energy Fac. Siting Council,* 303 Or 541, 544, 738 P2d 973 (1987), EFSC had before it an application filed by the owner of the waste, asking for a site certificate. Forelaws opposed the application. EFSC concluded that it lacked jurisdiction over the subject of the application. On appeal, this court held that EFSC's decision that it lacked jurisdiction was equivalent to a "rejection of an application for a permit [under ORS 469.400(1)]." Unlike the case at bar, the 1987 case involved a decision by EFSC in a contested case upon an application for a site certificate.

In *Forelaws on Board v. Energy Facility Siting Coun.,* 307 Or 327, 767 P2d 899 (1989), Forelaws requested a declaratory ruling under ORS 183.410[9] that EFSC was

---

469.992." ORS 469.992 authorizes the director of the Department of Energy to

"petition the appropriate circuit court to impose civil penalties for violation of ORS 469.300 to 469.621 and 469.930, for violations of rules adopted under ORS 469.300 to 469.621 and 469.930, or for violation of any site certificate issued under ORS 469.300 to 469.601. A civil penalty in an amount of not more than $25,000 per day for each day of violation of may be assessed by the circuit court."

ORS 469.550 permits the director of the Department of Energy to order the operation of some nuclear installations halted if "there is cause to believe that there is clear and immediate danger to the public health and safety from continued operation of the plant or installation." Violation of an order under ORS 469.550 is punishable by a fine of $50,000 for each day of the violation.

[9] ORS 183.410 provides:

"On petition of any interested person, any agency may in its discretion issue

required to initiate site application proceedings for a uranium mill tailings disposal site near Lakeview, Oregon, to be operated by the federal and state governments. EFSC was required by ORS 469.559 to act as a cooperative participant in the project. EFSC did, in fact, enter into an agreement with the United States Department of Energy for site cleanup. The question presented was essentially a question of law: Did EFSC's required participation in the project (by virtue of ORS 469.559 and federal law) exempt the project from the site certificate process prescribed by ORS 469.553?

EFSC ruled against Forelaws. The Court of Appeals first dismissed the petition for judicial review on the ground that the Supreme Court had exclusive jurisdiction to review an EFSC decision approving or rejecting an application for a site certificate. ORS 469.400(1). On reconsideration, the Court of Appeals decided it had jurisdiction and reversed and remanded to EFSC for a site certificate proceeding under ORS 469.553. Forelaws won in the Court of Appeals, but its application for attorney fees was denied. This court allowed Forelaws' petition for review of the attorney fees ruling and then directed this question to the parties:

> "In view of ORS 469.400(1), did the Court of Appeals have jurisdiction to render a decision in this case?"

Thereafter, this court dismissed the proceeding, saying:

> "As noted, Forelaws then sought judicial review of the Council's ruling, and the Court of Appeals reversed. *Forelaws on Board v. Energy Facility Siting Coun.*, 84 Or App 433, 734 P2d 370 (1987). The merits of that court's decision are not before us. Significantly, the very statute that Forelaws had invoked, ORS 469.553, contained a cross reference to, among other things, 'the procedure prescribed in ORS * * * 469.400.' That statute provides, in pertinent part:

a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. The Attorney General shall prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."

" 'Jurisdiction for judicial review of the council's approval or rejection of an application for a site certificate is conferred upon the Supreme Court. Except as otherwise provided in this subsection, the review by the Supreme Court shall be as provided in ORS 183.482.' (Emphasis [in original opinion].)

"The scope of ORS 469.400(1) encompasses the proceeding on the merits in the Court of Appeals. Although the case involved a denial by the Commission of its authority to initiate or entertain a site certificate process, 'an order denying agency authority to require a permit in effect is a rejection of an application for a permit [under ORS 469.400(1)].' Forelaws on Board v. Energy Fac. Siting Council, 303 Or 541, 738 P2d 973 (1987). It follows that the Court of Appeals never had jurisdiction in this matter. It had no authority to entertain, much less grant, Forelaw's petition for attorney fees.[1]

---

"[1] We express no opinion as to the appropriate locus of judicial review for EFSC declaratory rulings under ORS 183.410 that do not involve site certificates." 307 Or at 331.

One could plausibly contend that the EFSC ruling in the case just discussed was a declaratory ruling, subject to appeal in the Court of Appeals pursuant to ORS 183.410. *See* Part 3, *infra.* Nonetheless, this court concluded that EFSC's ruling was tantamount to action on a site certificate application, having set forth the significant facts that EFSC itself was a party to a proposed project and that both Forelaws' petition and EFSC's ruling were limited to whether ORS 469.553 required EFSC to conduct a site certification proceeding.

The court did not state or imply a rule (as Forelaws would have it do in this case) that the court must treat any EFSC decision that relates to whether a site certification proceeding is required as if it were the functional equivalent of EFSC action on a site certificate application. As we have discussed at length above, Forelaws' "Presentation to Council and Request for Council Action" and EFSC's subsequent ruling on that request, cannot be deemed tantamount to an application and a ruling on an application for a site certificate. Accordingly, this court lacks jurisdiction for direct review of EFSC's ruling. ORS 469.400(1).

## Part 3

ORS 183.410 (quoted in footnote 9, *supra*) permits an "interested person" to request an agency declaratory ruling "with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it." Issuance of the agency ruling is discretionary.

The declaratory ruling statute, ORS 183.410, was enacted in 1957. Or Laws 1957, ch 717, § 7. ORS 183.410, as enacted, was virtually identical to Section 7 of the 1946 Model Administrative Procedure Act. *See* Handbook of the National Conference of Commissioners on Uniform State Laws and Proceedings of the Annual Conference Meeting in its Fifty-Fifth Year, page 208 (1946).[10] ORS 183.410 requires the Attorney General to prescribe by rule the form for petitions and "the procedure for their submission, consideration and disposition." The Attorney General has done so.[11]

ORS 183.410 is a statute designed to permit interested persons to obtain an agency opinion on a given legal issue as applied to a particular state of facts. Although the statute does not prohibit the taking of evidence, it does not provide for it expressly, either. On the other hand, the statute expressly recognizes "the right to submit briefs and present oral argument." The statute does not appear to be designed to provide declaratory rulings in cases in which the facts are complex or are in dispute.[12]

---

[10] The Model Administrative Procedure Act has been revised, in 1961 and 1981. *See* 15 ULA 1 *et seq* (1990).

[11] OAR 137-02-010 (1986) sets forth the form that the petition should follow:

"The petition to institute proceedings for declaratory ruling shall contain:

"(1) The rule or statute that may apply to the person, property, or state of facts;

"(2) A detailed statement of the relevant facts, including sufficient facts to show petitioner's interest;

"(3) All propositions of law or contentions asserted by petitioner;

"(4) The questions presented;

"(5) The specific relief requested; and

"(6) The name and address of petitioner and of any other person known by petitioner to be interested in the requested declaratory ruling."

[12] The Attorney General's Uniform and Model Rules of Procedure Governing Declaratory Rulings make no provision for the presentation of evidence. The Attorney General's Commentary to OAR 137-02-010 states:

"The declaratory rulings statute, ORS 183.410, permits an agency to

ORS 183.410 forged a procedure by which an agency can provide, efficiently and quickly, an interpretation of law to a given set of facts. Given that neither the owner of Rossman's landfill nor PCC was a party to the proceedings before the agency, that the Forelaws claims raised complex issues of fact, that Forelaws' petition was not in the form set forth in OAR 137-02-010, that neither Forelaws nor EFSC treated the matter as a request for a declaratory ruling,[13] and that the enforcement relief sought by Forelaws is unavailable from EFSC (in light of the purpose of ORS 183.410), we conclude that the matter before EFSC was not a declaratory ruling proceeding.

By the process of elimination,[14] we conclude that the order here involved is an order other than in a contested case. Judicial review of the agency order should have been sought in the circuit court. ORS 183.484(1).

With regret for the ongoing uncertainty in this area of the law, and because the order here involved is not an order approving or rejecting an application for an energy facility certificate, the petition for judicial review is dismissed.

---

provide a binding ruling on the application of agency law (statutory or rule) to particular facts. Thus, a person may learn whether a proposed action would be subject to agency regulation, or, before an enforcement action is brought, whether an existing action is proscribed or regulated. An agency has complete discretion to give or refuse to give a declaratory ruling. The decision to refuse to give a ruling is not reviewable by a court. *United Brokers, Inc. v. Department of Agriculture,* 68 Or App 44, 680 P2d 702 (1984). However, once given, the declaratory ruling is binding on both the party and the agency as to the facts on which it is based.

"The declaratory ruling can be used to obtain an opinion based on alleged, hypothetical, or actual facts. The uniform rules require a person who seeks a declaratory ruling to assert specific facts that apply to the person's situation and explain how the proposed ruling will affect the person. *The declaratory ruling process is not drafted to accommodate factfinding. If facts are at issue, they must be resolved through the contested case procedure.* The uniform rules on declaratory rulings are designed to provide petitioners and agencies with an expeditious process for determining legal issues — not factual issues." Oregon Attorney General's Administrative Law Manual and Uniform and Model Rules of Procedure under the Administrative Procedure Act, page 155 (March 1986) (emphasis added).

[13] In its brief, Forelaws asserts that "its request here was akin to an ORS 183.410 request for declaratory ruling."

*See Oregon Env. Council v. Oregon State Bd. of Ed.,* 307 Or 30, 37, 761 P2d 1322 (1988) (where no other category of order applies, the order is an order in other than a contested case).